IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO RENAULD HENDERSON, | ) | |
| ID # 1031853, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:99-CV-1050-M |
| | ) | |
| DOUGLAS DRETKE, Director TDCJ-CID, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and the District Court's *Order of Referral* filed November 28, 2007, Petitioner's January 19, 2006 pleading and a November 15, 2007 Motion to Reinstate have been referred for hearing, if necessary, and recommendation. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In May 1999, petitioner, as a pretrial detainee in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he alleged a denial of his Sixth Amendment right to a speedy trial. On July 6, 1999, the assigned magistrate judge recommended that the petition be dismissed without prejudice for petitioner's failure to exhaust state remedies. On July 29, 1999, the Court denied the petition as moot because petitioner had been convicted of the charges for which he was being detained. On January 12, 2000, February 4, 2000, February 29, 2000, March 9, 2000, and April 26, 2000, the Court denied filings that it construed as motions to reconsider the July 29, 1999 denial. In the February 4, 2000 order, the Court also warned petitioner that if he "persists in filing frivolous motions, he will be subject to sanction by the Court, including fines."

After the April 26, 2000 ruling, nothing further happened in this action until petitioner filed the instant motions in January 2006 and November 2007.

## II. ANALYSIS

By the first motion, petitioner seeks to void the judgment entered in this case pursuant to Fed. R. Civ. P. 50 and 60(b)(4) because it is contrary to or exceeds *Klopfer v. State*, 386 U.S. 213, 223 (1967) (holding that "the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment"). By the second motion, he seeks to reinstate this action under *Klopfer*.

Rule 50 provides a mechanism for obtaining judgment as a matter of law in jury trials. It therefore provides no basis for relief from judgment in this habeas action.

Rule 60(b)(4) provides a means to vacate a judgment as void. However, motions filed pursuant to Rule 60(b)(4) must be made within a reasonable time of the challenged judgment. Because the first motion was filed approximately six and one half years after the Court denied his petition as moot, and the second motion was filed almost two years thereafter, it is clear that petitioner has not filed them within a reasonable time as provided by Rule 60(b).

The 60(b) motions also fail on their merits. The Court cannot grant a motion under Rule 60(b)(4) without the movant showing that the entered judgment is void. Petitioner has provided no adequate basis to find the judgment entered in this case void on the basis of *Klopfer*.[1] Petitioner provides nothing to support a challenge to this Court's denial of his § 2241 petition as moot because

---

[1] The Court declines to construe petitioner's filings as any type of habeas petition. Petitioner has already challenged his conviction in a petition filed pursuant to 28 U.S.C. § 2254, which asserted a speedy trial violation among other claims. *See Henderson v. Dretke*, No. 3:03-1538-K (N.D. Tex.) (petition dismissed with prejudice as untimely). To the extent petitioner seeks to pursue a successive § 2254 petition he must obtain authorization from the Fifth Circuit Court of Appeals before filing such a petition in this Court. *See* 28 U.S.C. § 2244(b).

he was convicted in state court while his federal action remained pending. For these reasons, the motions should be denied.

### III. SANCTIONS

Counting the two motions currently pending before the Court, petitioner has filed seven various post-conviction motions seeking to obtain relief from the judgment entered in this case. Five of the motions came after the Court warned him of potential sanctions for filing frivolous motions. Consideration of the propriety of sanctions is thus warranted.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In light of the prior warning issued to petitioner and the filing of his two most recent motions several years after this case was closed, sanctions are appropriate. Except for filings directly related to the two pending motions, such as an appeal from the ultimate disposition of these motions or a motion to proceed *in forma pauperis* on appeal regarding the motions, petitioner should be barred from filing any further documents in this case. Any submitted filings that are not directly related to the two pending motions, should be docketed for administrative purposes only. No other action will be taken on such filings except for unauthorized motions, which will be immediately administratively closed without judicial involvement. Petitioner should also be warned that should he persist with his legal maneuvering, additional sanctions may be imposed, including a monetary sanction payable

to the Clerk of the Court and a prohibition from filing any additional actions in federal court without first obtaining permission from the Court.

## IV. RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** petitioner's January 19, 2006 and November 15, 2007 motions (docs. 31 and 32). It should also **SANCTION** and **WARN** petitioner as set out herein.

**SIGNED this 16th day of February, 2008.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```